**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **BIG RIVER ZINC CORPORATION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 06-208-GPM** |
| | ) | |
| **STEEL DYNAMICS, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

# <u>MEMORANDUM AND ORDER</u>

**MURPHY, Chief District Judge:**

Plaintiff Big River Zinc Corporation (Big River), a Delaware corporation with its principal place of business in Sauget, Illinois, is engaged in the business of smelting zinc ore and processing the metal into various end products. Defendant Steel Dynamics, Inc. (SDI), an Indiana corporation with its principal place of business in Indiana, fabricates and sells a variety of carbon steel products. SDI operates steel manufacturing plants in Butler and Jeffersonville, Indiana. For several years, Big River has sold quantities of zinc product to SDI for use in the manufacture and fabrication of steel products. A dispute has arisen in this business relationship, causing Big River to file an action in this Court seeking declaratory judgment in Count I and damages in Count II. Additionally, SDI filed a related action in Indiana state court, which was removed to the United States District Court for the Northern District of Indiana.[1] The facts as alleged in the complaint before this Court are as follows.

---

[1] On March 15, 2006, six days after this action was filed, SDI filed an action in the DeKalb County Circuit Court captioned *Steel Dynamics, Inc. v. Big River Zinc Corporation*, Cause No. 17D02 0609PL0017.

On or about October 21, 2003, Big River and SDI entered into agreements (the "October 21st Agreements") whereby Big River would sell certain quantities of zinc to SDI's Butler and Jeffersonville facilities. The first of the two agreements, Contract No. 90934 (the "Jeffersonville Agreement"), covered sales of zinc to SDI's Jeffersonville facility and provided for the shipment of 19,500 tons of zinc at an approximate interval of 750 tons per month and at a stated price of $0.47850 per pound. The second of the two agreements, Contract No. 90936 (the "Butler Agreement"), covered sales of zinc to SDI's Butler facility and provided for the shipment of 21,600 tons of zinc at an approximate interval of 1,200 tons per month and at a stated price of $0.47850 per pound. The October 21st Agreements contained identical terms and conditions and, by their terms, the Agreements expired on December 31, 2005.

Under ¶ 7 of the October 21st Agreements, each shipment of zinc was to be treated as a separate sale. The Agreements permitted SDI to forego delivery of a particular month's allocation of zinc by notifying Big River of its intent to decline that month's delivery. If SDI elected to forego delivery, Big River could opt to treat the sale as cancelled. Under ¶ 17 of the Agreements, a cancelled sale would discharge Big River from its obligation to deliver the declined amount of zinc and reduce SDI's total obligation under the October 21st Agreements. In reliance on SDI's election to forego delivery in June, July, and August of 2005 for the Jeffersonville facility and June and July of 2005 for the Butler facility, Big River treated declined shipments as cancelled sales and reduced obligations under the October 21st Agreements by approximately 4,650 tons, or approximately $4,500,000 total sales. Nonetheless, after the October 21st Agreements expired on December 31, 2005, SDI demanded that Big River deliver the declined tonnage at the price stated in the Agreements. Big River refused to deliver the declined tonnage, and SDI threatened to sue for

damages and specific performance.  Big River has denied and continues to deny liability to SDI for the delivery of zinc.

For the period December 27, 2005, through January 20, 2006, Big River shipped to SDI 392.7 tons of zinc at and for the December 2005 price of $0.87137 per pound and 1,088 tons of zinc at and for the January 2006 price of $0.99315 per pound.  SDI paid for the shipments at a rate of $0.4785 per pound, but refused to pay the balance of $1,428,402.48, which Big River claims is still owed.

Big River seeks a declaratory judgment (Count I) that (1) it has no obligation to deliver the declined shipments and (2) SDI is obligated to indemnify it for damages, costs, and expenses incurred in bringing this action.  Big River also seeks damages (Count II) in the amount of $1,428,402.48 under theories of account stated and unjust enrichment.

On May 10, 2006, SDI filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) and attached several exhibits in support of its motion.  SDI urges dismissal on two grounds: (1) Big River's complaint was filed solely to preempt SDI, which it contends is the natural plaintiff, of its choice of forum; and (2) Big River's claims for monetary damages are not supported by the pleadings or the exhibits.  The exhibits attached to the motion support the second argument.  Big River filed its response to the motion on May 26th, and SDI filed its reply on June 9th.  The motion to dismiss currently is set for hearing on July 17, 2006.

On June 12th, Big River filed a Notification of Decision that the related Indiana action was dismissed without prejudice by the Honorable Roger B. Cosbey in an Opinion and Order dated June 9, 2006.  In granting Big River's motion to dismiss, Judge Cosbey concluded that because the Butler Agreement contains a valid and enforceable Illinois forum selection clause and because the

Jeffersonville Agreement, which lacks an agreed-upon forum selection clause, is "largely intertwined" with the Butler Agreement, the disputes arising under both Agreements must be litigated in Illinois.  In light of Judge Cosbey's decision and for the reasons that follow, a hearing on SDI's motion to dismiss is not necessary.[2]

The standards governing a motion to dismiss under Rule 12(b)(6) are well-established.  Such a motion tests the sufficiency of a plaintiff's complaint, but it does not decide the merits of a case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990).  A defendant's Rule 12(b)(6) motion will be granted if it is shown that the plaintiff has no legal claim under any possible interpretation of a set of well-pleaded facts.  *Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 627 (7th Cir. 1999); *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 637 (7th Cir. 2004).  The motion will be denied if the plaintiff has alleged any set of facts upon which relief may be granted. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  Moreover, a court will accept as true all well-pleaded factual allegations in the complaint and view those allegations, along with the inferences reasonably drawn therefrom, in the light most favorable to the plaintiff.  *Flannery*, 354 F.3d at 637; *Powe v. City of Chicago*, 664 F.2d 639, 642 (7th Cir. 1981).

A court's inquiry is generally limited to the factual allegations contained within the four corners of the complaint.  *Hill v. Trustees of Ind. Univ.*, 537 F.2d 248, 251 (7th Cir. 1976).  However, "if documents outside of the pleadings are placed before a district court, and not excluded, the court must convert the defendant's 12(b)(6) motion to one for summary judgment and afford the plaintiff an opportunity to submit additional evidentiary material of his or her own."  *Venture Assoc. Corp.*

---

[2] Notably, SDI has not responded to Big River's Notification of Decision, in which Big River suggests that SDI's motion to dismiss is moot.

*v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993), *citing Carter v. Stanton*, 405 U.S. 669, 671 (1972) (per curiam); *Beam v. IPCO Corp.*, 838 F.2d 242, 244-45 (7th Cir. 1988).  Failure to make this conversion and to provide the parties with appropriate notice to submit additional evidentiary material can constitute reversible error.  *Beam*, 838 F.2d at 244; *Jacobs v. City of Chicago*, 215 F.3d 758, 766 (7th Cir. 2000).  However, the filing of a Rule 12(b)(6) motion with documents outside of the four corners of the complaint does not automatically convert it into a summary judgment motion or require a district court to make such a conversion.  *In re Wade*, 969 F.2d 241, 249 n.9 (7th Cir. 1992); *see also Maleski v. DP Realty Trust*, 162 F.R.D. 496, 498 (D. Pa. 1995), *quoting* 5A Wright and Miller, Federal Practice and Procedure § 1366 (2d ed. 1990) ("The court has complete discretion to determine whether or not to accept any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion.").

A district court's use of extrinsic evidence in deciding a Rule 12(b)(6) motion does not automatically convert the motion to one for summary judgment.  The Seventh Circuit Court of Appeals has held that "the district court may also take judicial notice of matters of public record" without converting a Rule 12(b)(6) motion into a motion for summary judgment.  *United States v. Wood*, 925 F.2d 1580, 1582 (7th Cir. 1991); *see also Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994) (permitting a district court to consider public court documents filed in an earlier Indiana state court case in deciding a Rule12(b)(6) motion to dismiss); *see also* FED. R. EVID. 201 ("A judicially noticed fact must be one not subject to reasonable dispute in that it is … capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned," and "[a] court may take judicial notice, whether requested or not.").

The Court agrees with Big River that Judge Cosbey's decision moots the first issue raised

by SDI in its motion to dismiss.  SDI argues that Big River may not use a declaratory judgment action to deprive SDI of its choice of forum.  As Judge Cosbey already has determined, however, SDI's chosen forum was improper under a valid and enforceable forum selection clause.[3]  He further found that because Big River's action currently is pending in this Court, transfer of the action was not warranted because SDI "may simply assert the claims contained in the SDI complaint as counterclaims in the Illinois suit."  Accordingly, the Court rejects SDI's argument that this action should be dismissed because it was filed to preempt SDI of its choice of forum.

Next, SDI argues that Big River's claims for monetary damages are not supported by the pleadings or the exhibits.  The Court will not consider any of the exhibits attached to Defendant's motion to dismiss that are not referred to in the complaint and, therefore, will not convert the motion to dismiss into one for summary judgment.  *Cf. Venture Assocs. Corp.*, 987 F.2d at 431 (on a motion to dismiss, the Court may consider documents incorporated by reference to the pleadings without transforming the motion into one for summary judgment "if the documents are referred to in the complaint and are central to the plaintiff's claim").[4]  This leaves the Court to determine whether Big River has a claim for monetary damages under any possible interpretation of the pleaded facts.

In its complaint, Big River pleads damages under the theory of account stated or, alternatively, under the theory of unjust enrichment.  SDI raises arguments that are properly resolved

---

[3] Judge Cosbey's finding on this issue binds this Court under the theory of collateral estoppel.  *See In re Bridgestone/Firestone, Tires Prods. Liab. Litig.*, 333 F.3d 763, 767 (7th Cir. 2003).  For purposes of collateral estoppel, "final judgment" includes any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect.  *Id.*, *citing* Restatement (Second) of Judgments § 13 (1980).

[4] The Court will consider the invoices dated February 14, 2006, which were attached to Defendant's motion to dismiss.  The Court considers these invoices because they are referenced in Paragraph 19 of Big River's complaint and are central to Big River's claims.

under Federal Rule of Civil Procedure 56, not Rule 12.  Whether Big River "erroneously invoiced"

certain shipments and whether the transactions were governed by the Agreements are issues that

cannot be determined on a Rule 12 motion, and Big River's complaint is sufficient to state a claim

under the liberal pleading standards applied in federal courts.  As Judge Easterbrook has cautioned:

> Plaintiffs need not plead facts; they need not plead law; they plead claims for relief.
> Usually they need do no more than narrate a grievance simply and directly, so that
> the defendant knows what he has been accused of.  Doe has done that; it is easy to
> tell what she is complaining about.  Any district judge (for that matter, any
> defendant) tempted to write "this complaint is deficient because it does not
> contain…" should stop and think:  What rule of law requires a complaint to contain
> that allegation?  Rule 9(b) has a short list of things that plaintiffs must plead with
> particularity … .
>
> Complaints initiate the litigation but need not cover everything necessary for
> the plaintiff to win; factual details and legal arguments come later.  A complaint
> suffices if any facts consistent with its allegations, and showing entitlement to
> prevail, could be established by affidavit or testimony at a trial.  *See, e.g., Hishon v.*
> *King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1984); *Conley*
> *v. Gibson*, 355 U.S. 41, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957).  The consistency proviso
> is why some complaints may be dismissed pronto:  litigants may plead themselves
> out of court by alleging facts that defeat recovery.  *See, e.g., Walker v. Thompson*,
> 288 F.3d 1005 (7th Cir. 2002).  Complaints also may be dismissed when they show
> that the defendant did no wrong.

*Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005).  Illinois courts define an account stated as "an

agreement between parties who have had previous transactions that the account representing those

transactions is true and the balance stated is correct, together with a promise, express or implied, for

the payment of such balance."  *W.E. Erickson Constr., Inc. v. Congress-Kenilworth Corp.*, 477

N.E.2d 513, 519 (Ill. App. Ct. 1985).  Such an agreement is established "where a statement of

account is rendered by one party to another and is retained by the latter beyond a reasonable time

without objection."  *Allied Wire Prods., Inc. v. Marketing Techniques, Inc.*, 424 N.E.2d 1288, 1296-

97 (Ill. App. Ct. 1981).  Under Big River's alternative unjust enrichment theory, in order to prevail

under Illinois law, it must establish that:  (1) it conferred a benefit on SDI; (2) SDI had appreciation

or knowledge of the benefit; and (3) the acceptance or retention of the benefit was under such circumstances as to make it inequitable for SDI to retain the benefit without payment of its value. *Firemen's Annuity & Ben. Fund v. Municipal Employees', Officers' & Officials' Annuity & Ben. Fund*, 579 N.E.2d 1003, 1007 (Ill. App. Ct. 1991). Big River's allegations are sufficient to state a claim upon which relief may be granted, and SDI clearly knows what Big River is claiming. SDI raises interesting arguments, but they must be raised in a properly filed Rule 56 motion. The Court will not consider them under Rule 12.

For the foregoing reasons, SDI's motion to dismiss (Doc. 9) is **DENIED**, and the July 17th hearing thereon is **CANCELLED**.

**IT IS SO ORDERED.**

DATED:  07/06/06

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge